## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SONY MOBILE COMMUNICATIONS INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>EVS CODEC TECHNOLOGIES, LLC<br><br>*Defendant.* | *JUDGE RAKOFF*<br><br>Civil Action No. _____<br><br>**FILED UNDER SEAL**<br><br># 18 CV 9518 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, Sony Mobile Communications Inc. ("SOMC"), for its complaint against EVS Codec Technologies, LLC ("ECT" or "Defendant"), to the best of its knowledge, information, and belief, and through its undersigned attorneys, alleges as follows:

### NATURE OF ACTION

1.     This is an action for a declaratory judgment that SOMC and its affiliates are licensed and protected by ▮▮▮▮▮▮▮▮ to use, make, have made, import, distribute, sell, and otherwise dispose of devices that are compatible with the telecommunications standard known as Enhanced Voice Services (EVS), pursuant to two patent license agreements between SOMC and ECT's predecessors-in-interest, Saint Lawrence Communications GmbH ("SLC-Germany") and Saint Lawrence Communications LLC ("SLC-LLC") (collectively the "Patent License Agreements").

2.     This is additionally an action to permanently enjoin ECT from pursuing litigation arising out of or relating to the Patent License Agreements, including patent infringement litigation, outside of the courts of the state of New York.

3.     A copy of the patent license agreement with SLC-Germany is attached hereto as Exhibit A, and a copy of the patent license agreement with SLC-LLC is attached as Exhibit B.

## PARTIES

4.     SOMC is a Japanese corporation with a principal place of business at Shinagawa Seaside TS Tower, 4-12-3, Higashi-shinagawa, Shinagawa-ku, Tokyo 140-0002.   SOMC designs, makes, and sells smartphones, tablets, and related accessories.  Through its subsidiaries, it sells such Sony-branded mobile products worldwide, including in the United States and Germany.

5.     Upon information and belief, Defendant ECT is a Texas limited liability corporation with a principal place of business at 2323 S. Shepherd, 14th floor, Houston, Texas 77019-7024.

## JURISDICTION/VENUE

6.     This Court has subject-matter jurisdiction over these claims under 28 U.S.C. §§ 1332 and 2201 because the matter in controversy exceeds the sum or value of $75,000 and is between the citizens of a state and the citizens of a foreign state, and because the Complaint seeks relief under the Federal Declaratory Judgment Act.

7.     SOMC has standing to bring its declaratory judgment claim pursuant to 28 U.S.C. §§ 2201 *et seq.* based on Defendant's threats to sue SOMC for patent infringement in Germany, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202 as to whether the Patent License Agreements, executed by Defendant's predecessors-in-interest, bar such a suit.

██████This Court has personal jurisdiction over the Defendant and venue is proper in this district because Defendant is bound by the Patent License Agreements, which state that ██

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

## FACTUAL BACKGROUND

### The 2015 Patent License Agreements

9.     The present action arises out of the Patent License Agreements, which resolved patent litigation between SOMC and SLC-LLC in the United States and between SOMC and SLC-Germany in Germany.

10.     In 2014 and 2015, SLC-LLC and SLC-Germany filed a number of patent infringement suits against various mobile phone companies, including SOMC's U.S. affiliate and SOMC's customers, accusing mobile phones compatible with the telecommunications standard known as Adaptive Multi-Rate Wideband (AMR-WB).

11.     SOMC settled the litigations by entering into two Patent License Agreements,

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████

12.     Collectively, the Patent License Agreements grant ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

3

█████████████████████████████████████

████████████████████████████████████

████ In addition to the ████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████



████

████ The defined ██████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████



The parties agreed that ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

The provisions and encumbrances of the Patent License Agreement ▮▮▮▮

17.    In addition, ECT's predecessor-in-interest ▮▮▮▮

18.    ECT's predecessor-in-interest further ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████.

**ECT's Threat of Suit of Patent Infringement and**
**Denial of the Applicability of the Patent License Agreements**
**Creates a Concrete and Immediate Justiciable Controversy**

19.    On September 24, 2018, ECT sent a Demand Letter to SOMC (attached as Exhibit C), in which ECT represented itself as the successor of SLC-LLC and SLC-Germany. The Demand Letter accused SOMC of infringing the German Patents based on SOMC products compatible with a telecommunications standard known as the Enhanced Voice Services (EVS) standard. The Demand Letter sought payment and threatened to initiate litigation in Germany "failing a positive response" by October 8, fifteen days later.

20.    ECT accused a number of SOMC's mobile phone products, including the Sony Xperia XZ Premium and the Sony Xperia XZ2. Ex. C at 2. ECT's Demand Letter included six infringement charts that purportedly show infringement of Sony phones compatible with the EVS standard but which rely solely on technical proof directed to the functionality of AMR-WB, a predecessor standard to the EVS standard. The infringement charts use ██████████████ █████████████████████████████████ in order to prove infringement of the German Patents. ECT stated that "[t]here is no substantive difference between the US patents and the German counterparts." ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

21.     On October 2, 2018, SOMC responded by informing ECT that any suit seeking further enforcement of the German Patents against the accused products is prohibited and in breach of the Patent License Agreements.  SOMC's first response letter is attached as Exhibit D.

22.     On October 5, 2018, ECT sent SOMC a second letter (attached as Exhibit E), asserting that the Patent License Agreements do not protect SOMC products that practice the EVS standard.  ECT's second letter stated that it "concludes that Sony is unwilling to license the patents . . . and that litigation in Germany is necessary."

23.     On October 9, 2018, SOMC reiterated that ECT is prohibited from bringing suit against the accused Sony products under the Patent License Agreements.   SOMC's second response letter is attached as Exhibit F.

24.     On October 10, 2018, ECT sent SOMC a third letter (attached as Exhibit G), asserting that the Patent License Agreements do not cover products that practice the EVS standard.  ECT again demanded payment, stated that it "cannot delay action in Germany," demanded a financial response, and set an October 17, 2018 deadline.

25.     ECT's letters and actions accusing SOMC of patent infringement, ECT's threatening of imminent legal action in Germany, and ECT's denying the applicability of the Patent License Agreements, raise a concrete and immediate justiciable controversy that must, according to the terms of the Patent License Agreements, be resolved in a New York court under New York laws, not in a German Court.

**ECT Is Bound by the Patent License Agreements**

█████The Patent License Agreements expressly ██████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

█████████

27.     ECT has represented that it is the "exclusive licensee" of the German patents and is the successor to SLC-Germany and SLC-LLC (Ex. C at 1) and has "the necessary rights to grant Sony a worldwide license to the patent portfolio." Ex. G at 1.

████████ECT has represented that it has acquired its patent rights "subject to any preexisting commitments made by St. Lawrence." Ex. G at 1.  As such, ECT is bound by the commitments made in the Patent License Agreements, including ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████

**The Accused Products Are Protected from Suit by ███████████████████**

29.     There is a dispute between the Parties as to whether the Patent License Agreements protect the accused SOMC devices that are compatible with the EVS telecommunications standard.

████████The accused SOMC devices are, under the Patent License Agreements,

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████

31.     ██████████████████████ in the Patent License Agreements protects ██████

██████████████████████████████████

32. ███████████████████████████████████████████

███████████████████████████████████████

33.    The six German Patents under which ECT is now threatening suit are ██████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███

34. █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

35.    The accused SOMC devices, including codecs, encoders, decoders, and other components, are encompassed by ███████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

36.    As of March 31, 2015, SOMC sold mobile devices including wireless cellular phones, including the Sony Xperia series of smart phones, which in 2015 included, among other phones, the Sony Xperia Z.

37.    Today, SOMC continues to sell the Sony Xperia series of smart phones, which now includes, among other phones, the Sony Xperia XZ Premium and the Sony Xperia XZ2.

38.    The accused SOMC devices, such as the Sony Xperia XZ Premium and the Sony Xperia XZ2, are ██████████████████████████████████████████████ ██████████████████████████████████, such as the Sony Xperia Z. *See* "Smartphone Innovation: the Evolution of Xperia Smartphones and More," https://blogs.sonymobile.com/2018/07/04/smartphone-innovation-the-evolution-of-xperia-smartphones-and-more/#gref (███████████████████████████████████ ████Each Xperia smart phone is encompassed in ████████████████████ ██████████████████████████████████

40.    Successive releases of a smart phone are often referred to as ██████████by companies that design, make, and sell smart phones.  For example, Apple's "iPhone Upgrade Program" allows customers who join to ████████████████████████"iPhone Upgrade Program" (emphasis added), https://www.apple.com/shop/iphone/iphone-upgrade-program.  The program offers eligible members the opportunity to "[g]et a new iPhone every year."  *Id.*; *see also* "Phone Upgrade," https://www.att.com/plans/phone-upgrade.html (using the term ████████in reference to allowing a user to acquire a newer model phone and trade in his or her earlier model phone).

41.    Thus, the ████████████████provides protection for SOMC █████████ ███████████████████████████████████████████████████████████ ████and be free from suit under ████████████, including ████████████ ████████████████

42.    The protection of ████████████████████ is independent of whatever telecommunications standard is used with the phone.



**The Accused Products Are Protected by** ██████████████

43.    In addition to being protected by the ██████████████, the accused SOMC

devices ████████████████████████████████████████████████

████████████████████████████████████████

██████████There is no dispute that the Patent License Agreements license SOMC ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

45.    Telecommunications standards are technical specifications which define a set of

protocols for service providers (who send data, such as voice, text, video and music to cell

phones), cellular network infrastructure providers, and cell phone manufacturers.

Telecommunications standards are developed and updated so that improved quality of service

can be provided, e.g., better voice quality and faster streaming of data.  In many instances, this is

accomplished by, inter alia, using ██████████████mathematical models for reproducing

audio and by more efficiently transmitting data (which can include voice, text and video).  *See,*

*e.g.,* "3GPP Enhanced Voice Services (EVS) codec", NOKIA, http://resources.nokia.com/asset/

200002 (hereinafter "Nokia"), p. 5 et seq.

46.    Recent telecommunications standards include Adaptive Multi-Rate (AMR),

Adaptive Multi-Rate Wideband (AMR-WB), and Enhanced Voice Services (EVS).  As is typical

of standards, the EVS standard maintains backwards compatibility and interoperability with, the

AMR-WB standard, i.e. the standard defining the EVS specifications specifically references and

incorporates portions of the prior AMR-WB standard.  *See, e.g.,* Nokia at 4.

47.    As new telecommunications standards are developed and implemented,

manufacturers of cell phones design their phones to remain compatible with the developing

standards as well as the prevalent existing generation of telecommunication standards. The reason for seeking compatibility with a new standard as well as the existing prevalent standards is that the adoption of a new standard takes years to be implemented commercially. During the transition, some users' service will require continued use of the existing standard in addition to the new standard. To meet these needs, cell phone manufacturers will typically offer new phones that are compatible with the existing and the new standards. At a certain point, some of the older existing standards get less and less use and are phased out.

48.     As explained above in paragraph 47, the EVS standard is fully backwards compatible with and incorporates portions of the AMR-WB standard. ECT has alleged infringement of phones compatible with the EVS standard but provided only technical proof directed to the licensed AMR-WB standard.



ECT has accused SOMC devices compatible with the EVS standard but provided infringement allegations directed to the AMR-WB standard, ██████████████████ ███████████████ ECT thereby admits that what they accuse is ███████████ ████████████████████████████████████████████████████████ ███████████████

### COUNT I - Declaratory Judgment

50.     Paragraphs 1 to 49 are incorporated herein as set forth above.

51.     A substantial, immediate, and real controversy exists between SOMC and ECT as shown by, inter alia, ECT's Demand Letters, its unilateral deadline of October 17, 2018 for SOMC to execute a license agreement, its threat to sue in Germany for patent infringement, and its unequivocal assertion that the Patent License Agreements do not cover the accused products.

52.     The parties have a dispute relating to the interpretation of the Patent License Agreement, since SOMC believes that the accused products are protected under the Patent

License Agreements ████████████████████████████████████████████ ███████████████ whereas ECT asserts that the Patent License Agreements do not cover the accused products.

53.     If ECT files a patent infringement suit in Germany, SOMC will be forced to raise the Patent License Agreements as a defense.   The Parties' dispute about the Patent License Agreements ██████████████████████████████████████████ ███████████████████████████████████████████████

54.     ECT is bound by the Patent License Agreements, ███████████████████████ ███████████████████████████████████████████████████. ECT admits that it has received the transfer of patent rights from its predecessor Saint Lawrence "subject to any preexisting commitments made by St. Lawrence."

55.     SOMC is entitled to a Judgment declaring that SOMC and its affiliates are licensed and protected by ██████████████████under the Patent License Agreements to use, make, have made, import, distribute, sell, and otherwise dispose of devices that are compatible with the EVS telecommunications standard, pursuant to the two Patent License Agreements, and declaring that ECT is prohibited from bringing a patent infringement suit in Germany.

## COUNT II - Permanent Injunctive Relief

56.     Paragraphs 1 to 55 are incorporated herein as set forth above.

████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████

58.     ████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████. A patent infringement suit

against SOMC devices for infringement of ███████████ or ███████████ defined in

the Patent License Agreements will necessarily relate to ████████████████████

███████.

59.    Unless the Court enjoins and restrains ECT from suing in Germany, SOMC will

suffer irreparable harm.

60.    SOMC is entitled to permanent injunctive relief enjoining ECT from instituting in

Germany, ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████ defined in the Patent License

Agreements.

## **PRAYER FOR RELIEF**

WHEREFORE, SOMC requests entry of judgment against Defendant for the following

relief:

A.    That Judgment be entered declaring that ██████████████████████

██████████████████████████████████████████████████

██████████

B.    That Judgment be entered declaring that SOMC and ███████ are licensed and

protected by a ████████████ under the Patent License Agreements to use,

make, have made, import, distribute, sell, and otherwise dispose of devices that

are compatible with the EVS telecommunications standard.

C.    That Judgment be entered permanently enjoining and restraining ECT, its officers,

agents, servants, employees, and attorneys, any entity to which ECT conveys any

right to assert patent infringement under ███████████ or ███████

███████ and all others acting for, on behalf of, or in concert with any of them,

directly or indirectly, from stating implying, or suggesting that SOMC and  are not licensed or protected by ████████████ under the Patent License Agreements to use, make, have made, import, distribute, sell, and otherwise dispose of devices that are compatible with the EVS telecommunications standard.

D.    That Judgment be entered permanently enjoining and restraining ECT, its respective officers, agents, servants, employees, and attorneys, any entity to which ECT conveys any right to assert patent infringement under ███████  or ████████, and all others acting for, on behalf of, or in concert with any of them, directly or indirectly, from ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████.

E.    An award of the costs and reasonable attorneys' fees incurred by SOMC in connection with this action; and

F.    An award of any such other and further relief as the Court may deem just and proper.

Pursuant to the Federal Rules of Civil Procedure 38(b), SOMC hereby requests a trial by jury of all the issues so triable.

Date: October 17, 2018

John Flock
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
(212) 908-6490
JFlock@HuntonAK.com

*Counsel for Plaintiff*

# EXHIBIT A

# CONFIDENTIAL DOCUMENT FILED UNDER SEAL

# EXHIBIT B

# CONFIDENTIAL DOCUMENT FILED UNDER SEAL

# EXHIBIT C

# CONFIDENTIAL DOCUMENT
# FILED UNDER SEAL

# EXHIBIT D

# CONFIDENTIAL DOCUMENT FILED UNDER SEAL

# EXHIBIT E

# CONFIDENTIAL DOCUMENT
# FILED UNDER SEAL

# EXHIBIT F

# CONFIDENTIAL DOCUMENT
# FILED UNDER SEAL

# EXHIBIT G

# CONFIDENTIAL DOCUMENT
# FILED UNDER SEAL